UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PROPORTION FOODS, LLC, | ) | CASE NO. CV 19-1768-R |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART DEFENDANT'S |
| v. | ) | MOTION TO DISMISS |
| | ) | |
| MASTER PROTECTION, LP; et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Before the Court is Defendant Master Protection, LP's ("Defendant") Motion to Dismiss, filed on March 18, 2019. (Dkt. No. 15). Having been thoroughly briefed by the parties, this Court took the matter under submission on April 9, 2019. Also currently pending are Plaintiff ProPortion Foods, LLC's ("Plaintiff") Motion for Leave to File First Amended Complaint (Dkt. No. 18) and Motion to Remand (Dkt. No. 19), both filed on April 8, 2019.

Plaintiff originally filed suit on February 7, 2019 in Los Angeles County Superior Court. This case stems from a fire on April 3, 2017 at Plaintiff's food manufacturing plant. Plaintiff brings causes of action for gross negligence and breach of contract on the grounds that Defendant allegedly failed to perform its contractual duties of installing, maintaining, and inspecting a fire suppression system at the property, and that this alleged failure prevented the fire suppression

system from extinguishing the fire.  Plaintiff now seeks leave to file a First Amended Complaint making the exact same claims against proposed defendant Robert Fenner, the FireMaster franchisee whose franchise dealt directly with Plaintiff.  This case was properly removed to federal court on March 11, 2019 on the basis of diversity jurisdiction.  Plaintiff's proposed amendment would destroy diversity and require that this case be remanded to state court.

**Plaintiff's Motions**

Courts have recognized that the usually liberal approach to amendment under Federal Rule of Civil Procedure 15(a) does not apply when a plaintiff seeks to amend its complaint after removal to add a diversity-destroying defendant.  *See, e.g.*, *Greer v. Lockheed Martin*, 2010 WL 3168408, at *4 (N.D. Cal. Aug. 10, 2010).  To apply Rule 15(a)'s permissive standard in this situation "would allow a plaintiff to improperly manipulate the forum of an action." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1087 (C.D. Cal. 1999).  Accordingly, when a plaintiff seeks to amend its complaint after removal to add a diversity-destroying defendant, courts in this district generally scrutinize the proposed amendment under the standard of 28 U.S.C. § 1447(e).

28 U.S.C. § 1447(e) states that "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."   Whether to permit joinder of a party that will destroy diversity jurisdiction rests in the sound discretion of the Court.  *Palestini v. General Dynamics Corp*, 193 F.R.D. 654, 658 (S.D. Cal. 2000) (citing *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir 1998)); *Clinco*, 41 F. Supp. 2d at 1082.  "Courts generally consider the following factors when deciding whether to allow amendment to add non-diverse defendants: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." *IBC Aviation Servs v. Compania Mexicana De Aviacion*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citing *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D.

Cal. 2000)).

Here, Plaintiff's Motions do not consider these six factors and make only a cursory reference to § 1447(e). Nevertheless, it is clear after weighing the factors that leave to amend should not be granted. First, Plaintiff does not, and cannot, demonstrate that Fenner is a necessary party under Rule 19(a) since complete relief can be afforded among the existing parties even in Fenner's absence, Fenner does not claim an interest that would be impaired or impeded by continuing the case in his absence, and failure to join Fenner would not leave an existing party subject to a substantial risk of incurring multiple or otherwise inconsistent obligations. Fed. R. Civ. P. 19(a)(1). The proposed FAC raises no new causes of action or even new allegations, other than simply adding "and Fenner" to several existing allegations against Defendant Master Protection. Second, Plaintiff himself argues that the statute of limitations would not preclude an action against Fenner in state court. Third, although there has not been unexplained delay in requesting joinder, the timing of Plaintiff's Motions raises the reasonable suspicion that Plaintiff's primary motive is to defeat federal diversity jurisdiction. And finally, denial of the joinder will not substantially prejudice Plaintiff since an action may be filed against Fenner in state court should Plaintiff so desire. Although convenience and judicial economy weigh in favor of consolidating cases when possible, that fact alone does not outweigh the above factors, all of which weigh against granting amendment and remanding the case. Accordingly, Plaintiff's Motion for Leave to File First Amended Complaint and Motion to Remand are DENIED.

**Defendant's Motion to Dismiss**

Moving on to Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal under Rule 12(b)(6) is proper when a complaint exhibits either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Under the heightened pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," so that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 547; *Iqbal*, 556 U.S. at 698. "All allegations of

material fact are taken as true and construed in the light most favorable to the nonmoving party." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

<u>Breach of Contract</u>

"In order to establish liability on a claim for breach of contract, Plaintiffs must be able to establish that (1) there was a contract, (2) Plaintiffs' performance or excuse for nonperformance, (3) Defendant's breach, and (4) damage to Plaintiffs that resulted from Defendant's breach." *Valenzuela v. ADT Sec. Servs., Inc.*, 820 F. Supp. 2d 1061, 1073 (C.D. Cal. 2010) (citing *Wall Street Network, Ltd. v. New York Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008)), *aff'd* by 475 F. App'x 115 (9th Cir. 2012). Here, Plaintiff alleges that the parties entered into a contract under which Defendant "agreed to perform scheduled inspections and maintenance work on the ovens' automatic fire suppression system;" that Plaintiff performed under the contract; that Defendant violated the California Fire Code and breached the contract by failing "to properly inspect, maintain and/or repair the ovens' automatic fire suppression system;" and that, as a result of Defendant's breach, the fire caused damages of not less than $6.5 million. However, the Complaint lacks any details identifying specific provisions of the contract which were allegedly breached. The Complaint also does not indicate a date, or even an approximation apart from the year, on which the contract was executed. The Complaint does not even mention whether the contract was oral or written.

Plaintiff's Opposition brief identifies multiple cases where courts were willing to overlook missing details in a breach of contract case, in particular where specific provisions were not identified and/or a contract was not attached to the complaint. However, Plaintiff has not cited a single case where a breach of contract claim was accepted without any specific provisions, a copy of the contract, or even identification of the contract as written or oral. In fact, multiple cases cited by Plaintiff suggest that the allegations in the Complaint are insufficient to state a claim for breach of contract. *See, e.g.*, *Wynes v. Kaiser Permanente Hosps.*, 2011 WL 1302916, at *11 (E.D. Cal. Mar. 31, 2011) (plaintiffs stated a breach of contract claim where they alleged "the basic facts surrounding the contract" and "the existence of a written and oral employment contract"); *Kaar v. Wells Fargo Bank. N.A.*, 2016 WL 3068396, at *1-2 (N.D. Cal. June 1, 2016)

4

("To claim a breach of contract in federal court the complaint must identify the specific provision of the contract allegedly breached by the defendant.").

Accordingly, Plaintiff has failed to state a claim for breach of contract, and Defendant's Motion to Dismiss is GRANTED, without prejudice, with respect to that cause of action.

<u>Gross Negligence</u>

Plaintiff's second cause of action for gross negligence is predicated on essentially the same facts as its first cause of action, along with allegations that Defendant breached a duty of care owed to Plaintiff and that Defendant's breach "constitutes a want of even scant care and an extreme departure from the ordinary standard of conduct."

Multiple California cases call into question the existence of an independent cause of action for "gross negligence" under California law. *See e.g.*, *City of Santa Barbara v. Superior Court*, 41 Cal. 4th 747, 779-80 (2007) ("We do not view our holding . . . as recognizing a cause of action for gross negligence."); *Contl Ins. Co. v. Am. Prot. Indus.*, 197 Cal. App. 3d 322, 330 (1987) ("in light of the adoption of the doctrine of comparative negligence in California, any attempt to categorize gross negligence separately from ordinary negligence is unnecessary").

Although Plaintiff cannot state a claim for gross negligence under California law because no such cause of action exists under these circumstances, the Complaint does state a claim for negligence. The particular degree of negligence that Plaintiff intends to prove at trial is irrelevant to the question of whether the Complaint states a claim.

Negligence requires four elements: (1) duty, (2) breach, (3) causation, and (4) damages. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003). "A contract to perform services gives rise to a duty of care which requires that such services be performed in a competent and reasonable manner. A negligent failure to do so may be both a breach of contract and a tort." *N. Am. Chem. Co. v. Superior Court*, 59 Cal. App. 4th 764, 774 (1997) (citing *Perry v. Robertson*, 201 Cal. App. 3d 333, 340 (1988)). "In such a hybrid circumstance, the plaintiff is entitled to pursue both legal theories until an occasion for an election of remedies arises." *Id.* Because this was a services contract, and one that clearly required that the services be performed competently and with due care, Plaintiff adequately alleges the element of duty.

Plaintiff alleges that Defendant fell below the requisite standard of care, not only by allegedly failing to perform its contractual obligations with due care but also by allegedly violating provisions of the California Fire Code.  Plaintiff further alleges a causal connection between this alleged breach of the duty of care and the fire, which resulted in substantial elements.  Thus, the Complaint states a claim for negligence, and Defendant's Motion to Dismiss is DENIED with respect to that cause of action.

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is GRANTED in part, without prejudice, and DENIED in part.  (Dkt. No. 15).  Specifically, the first cause of action is dismissed with leave to amend.  The Motion is denied with respect to the second cause of action.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint in accordance with this Order no later than May 14, 2019.  Defendant shall file a response to the amended complaint no later than May 28, 2019.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint to add Robert Fenner as a Defendant and Plaintiff's Motion to Remand are DENIED.  (Dkt. Nos. 18, 19).

Dated: April 30, 2019.

_____

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE